No. 40,422

W. D. HOWARD and ALMA HOWARD, *Appellants*, v. STATE HIGHWAY COMMISSION OF KANSAS, *Appellee*.

(311 P. 2d 313)

Opinion filed May 11, 1957.

*Kenneth H. Foust,* of Iola, argued the cause, and *Gwinn G. Shell,* of Garnett, and *John O. Foust,* of Iola, were with him on the briefs for the appellants.

*Wayne Loughridge,* of Garnett, argued the cause, and *W. B. Kirkpatrick,* of Topeka, and *Constance M. Achterberg,* of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Robb, J.: Appellee commenced an action in the district court to condemn a parcel of appellants' land for highway purposes. The appraisers allowed damages to appellants in the approximate sum of $5,539.00, which amount was thereafter paid in to the clerk of the district court by appellee. On April 21, 1954, appellants appealed from the award. The appeal was pending in the district court where it had been set for trial and continued a number of times until May 23, 1955, when it was dismissed by the court without prejudice. (G. S. 1949, 60-3105.)

On June 10, 1955, appellants filed a motion to reinstate the appeal in the district court, which was denied on June 13, 1955, from which ruling an appeal was immediately taken by appellants to this court. On November 16, 1955, we dismissed that appeal and there has been neither a motion nor an order made to reinstate that appeal in this court.

In the meantime and on November 2, 1955, appellants had filed

a new and separate action in the district court seeking damages in the sum of $8,000 for the taking of their land. This case was fully tried before a jury over appellee's objection that the court lacked jurisdiction and because of *lis pendens*. The jury returned a verdict in favor of appellants in the sum of $4,203.90. Appellants' motion for new trial was overruled and the trial court approved the verdict and rendered judgment in accordance therewith. Appellants, feeling aggrieved, filed this appeal therefrom and while they assert two specifications of error, it is admitted there is only one question involved. Did the trial court have jurisdiction to try the case or was the proceeding null and void?

A rather unusual situation is here presented in that appellants have an award in the approximate sum of $5,539.00 from the appraisers in the eminent domain proceeding for condemnation of their land for highway purposes, and also a judgment of $4,203.90 against appellee for the same taking. Appellee complains of the fact that in this appeal it is now met with the same reasoning and authorities it advocated all through the latter litigation to defeat appellants' alleged cause of action. In other words, this judgment of $4,203.90 has caused the parties to assume directly opposite positions.

This proceeding was not considered by the trial court as a new and independent action under the so-called saving statute (G. S. 1949, 60-311) which provides for such an action to be commenced within one year after a plaintiff's original action has failed other than upon its merits. Indeed from the journal entry the contrary situation appears to exist in that the present case was held by the trial court to be a reinstatement of the aforementioned appeal from the award of the appraisers. We agree with the trial court that the saving statute from its very terms would not apply under such a situation as the one with which we are here confronted. Consequently, we shall not discuss this point further except to add that the eminent domain statutes (G. S. 1949, chapter 26, article 1) are special statutes providing for their own procedure, and G. S. 1949, 60-311 is, of course, not included therein.

Regarding the determination by the trial court that this action was no more than an application to reinstate the original appeal, we must bear in mind that appellants there appealed to this court from the trial court's order denying an original motion to reinstate, which appeal was later dismissed and abandoned. To follow the trial

court's theory would result in our allowing a separate action to obtain a second appeal, for which theory there is no statutory or case-law justification.

The appellants had taken an appeal to the district court which, right or wrong, had been dismissed by that court and that door was thereby closed to them by their own failure to prosecute the appeal to this court from that order. We note the trial court's dismissal of the original appeal from the appraisers' award was dated May 23, 1955, which dismissal became final by reason of what has been herein said. The terms of the district court in Anderson county commence on the first Monday in March, the second Monday in June, and the second Monday in October. (G. S. 1955 Supp. 20-1004a.) Thus we see that May 23, 1955, was in the March, 1955, term of court and any change had to be made in the record thereon prior to the second Monday in June, 1955, which that year fell on June 13. It is of little or no consequence, but in order not to overlook anything, we note again that on June 13, 1955, the trial court overruled appellants' original motion to reinstate. The present action was commenced on November 2, 1955, which was during the second term after the trial court's order of dismissal on May 23, 1955, so that no order could have been made in this action by the trial court during its March, 1955, term. Thus it must be recognized the jurisdiction and power of the trial court to modify its order of May 23, 1955, in any manner, had ceased. (6 West's Kansas Digest, Judgment, § 299; 3 Hatcher's Kansas Digest, rev. ed., Judgments, § 229.)

Now we come to the climax of our problem which is whether the trial court had *any* jurisdiction to consider this case. All through the proceeding the jurisdiction of the court was challenged by the parties—first by appellee in the court below, and then by appellants on this appeal. We have considered and agree with the authorities cited on the point that a party who invites error and profits thereby cannot later be heard to challenge a trial court's ruling or judgment on appeal. (*Meyer Sanitary Milk Co. v. Casualty Reciprocal Exchange*, 145 Kan. 501, 66 P. 2d 619; *Hawkins v. Wilson*, 174 Kan. 602, 605, 257 P. 2d 1110.) Likewise we have noted those cases where both parties submitted to the jurisdiction of a court in a divorce action and later the prevailing party questioned the judgment. We have held this cannot be done. (*Bledsoe v. Seaman*, 77 Kan. 679, 95 Pac. 576; *Wible v. Wible*, 153 Kan. 428, 110 P. 2d 761.) Our

present situation is not covered by either of these types of cases.

Appellee contends that the trial court had jurisdiction of the subject matter conferred upon it by appellants when they obtained the judgment appealed from. The decisions of this court are to the contrary ( *City of Hutchinson v. Wagoner*, 163 Kan. 735, 740, 186 P. 2d 243; 2 Hatcher's Kansas Digest, Courts, § 9, pp. 148, 149) and it would serve no good purpose to deviate from this rule. The trial court should not have considered this as a reinstatement of the appeal and it will not be so recognized by this court. No jurisdiction of the subject matter was conferred upon the trial court by what the parties did and the ultimate judgment was void.

The judgment of the trial court is reversed with directions to set the verdict and judgment aside and dismiss the action.