**Elliott CHUNG, Plaintiff-Appellant,**

v.

**POMONA VALLEY COMMUNITY HOS-PITAL, a corporation; Jay J. Palmer, M.D.; Lorin C. Spencer, M.D.; Norman L. Cadman, M.D.; David L. Hoblit, M.D., Defendants-Appellees.**

No. 80–5072.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 9, 1981.

Decided Feb. 8, 1982.

Daniel N. Fox, Pomona, Cal., for plaintiff-appellant.

Martha L. McGill, Carlo, Coppo & Asso., Del Mar, Cal., William B. Rudell, Halstead & Baker, Los Angeles, Cal., argued, for defendants-appellees; Sarah C. McDonald-Clarke, San Diego, Cal., on brief.

Before CHOY, Circuit Judge, KASHI-WA,[*] Associate Judge, and NORRIS, Circuit Judge.

CHOY, Circuit Judge:

Elliott Chung appeals the dismissal of certain claims that his employer, Pomona Valley Community Hospital, and his supervisors, the individually-named doctors, discriminated against him in violation of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) and 42 U.S.C. § 1981. Following the pleadings and a preliminary hearing, the district court held:

1. Most of Chung's Title VII claims are stale because in the charge that he filed with the Equal Employment Opportunity Commission (EEOC), Chung did not allege a pattern of discrimination that continued into the limitation period.

2. All § 1981 claims are stale apparently because his failure to allege a pattern of discrimination in his EEOC charge foreclosed him from proving that a pattern of discrimination continued into the § 1981 limitation period as alleged in the complaint filed with the district court.

3. One Title VII claim is unperfected because it was not reasonably related to the discrimination alleged in Chung's EEOC charge.

---

[*] The Honorable Shiro Kashiwa, Associate Judge, United States Court of Claims, sitting by designation.

4. All Title VII claims against Drs. Palmer, Spencer, and Hoblit are unperfected because Chung did not name them in his EEOC charge.

All four holdings rely on an overly-restrictive reading of Chung's EEOC charge. We therefore reverse and remand for further proceedings on all of his claims.

## I. Facts

Chung has worked as a medical technologist at Pomona Valley Community Hospital for about 20 years. As directors of the laboratory in which Chung works, Drs. Palmer, Spencer, Cadman, and Hoblit participated in promotion decisions.

Chung filed a charge with the EEOC on December 22, 1975. In it he alleged that the Hospital discriminated against him on account of race by denying him promotions, proper seniority status and permission to attend professional seminars, by assigning him undesirable hours, by eliminating his position and then demoting him, and by threatening him with dismissal. Although Chung did not attempt to inventory all the discriminatory acts, he cited several examples. The earliest act identified occurred on May 2, 1974; the latest, on July 8, 1975. Dr. Cadman was the only individual named in the charge.

Chung filed a complaint with the district court on September 14, 1978, and amended complaints on May 9 and June 13, 1979. The final version added three allegations not found in the EEOC charge: (1) the defendants had engaged in a "pattern and practice" of discrimination "for a long period of time"; (2) Chung had been denied another promotion on account of his race after he brought this suit; and (3) Drs. Palmer, Spencer, and Hoblit also had discriminated against Chung.

## II. Discussion

### A. Stale Title VII Claims

■ Section 2000e–5(e), 42 U.S.C., provides the period within which a complainant must file with the EEOC to preserve his Title VII claims. Chung seeks to recover for acts that predate the limitation period. He reasons that these acts were part of a pattern of discrimination that continued even after he brought this suit, and that the limitation period did not begin to run until the pattern of discrimination ended. See, e.g., Wetzel v. Liberty Mutual Ins. Co., 508 F.2d 239, 246 (3d Cir.), cert. denied, 421 U.S. 1011, 95 S.Ct. 2415, 44 L.Ed.2d 679 (1975); Pacific Maritime Ass'n v. Quinn, 491 F.2d 1294, 1296 (9th Cir. 1974); Macklin v. Spector Freight Systems, Inc., 478 F.2d 979, 987 (D.C.Cir.1973).

The defendants seem to respond that, because Chung's EEOC charge did not expressly allege a pattern of discrimination, the district court correctly found that the discrimination consisted solely of discrete acts. We cannot agree that a critical factual finding like this one can be based on such a mechanical reading of the charge. In Kaplan v. International Alliance of Theatrical and Stage Employees, 525 F.2d 1354, 1359 (9th Cir. 1975), we explained:

> The EEOC charges must be construed with utmost liberality since they are made by those unschooled in the technicalities of formal pleading. . . .
>
> . . . .
>
> Since it is anticipated that lay persons will continue to initiate EEOC action without legal assistance, it is hypertechnical to insist on absolute compliance with formal pleading requirements. Indeed, "[i]t would falsify the Act's hopes and ambitions to require verbal precision and finesse from those to be protected, for we know that these endowments are often not theirs to employ." Sanchez v. Standard Brands, Inc., supra 431 F.2d [455] at 465 [5th Cir.]. The administrative charge required by Title VII does not demand procedural exactness. It is sufficient that the EEOC be apprised, in general terms, of the alleged discriminating parties and the alleged discriminatory acts.

Chung's EEOC charge alleged a number of discriminatory acts that suggest a pattern. His failure to spell out a continuing-violation theory did not prevent the EEOC from conducting an effective investigation of his claims. Therefore, his charge was adequate.

## B. *Stale § 1981 Claims*

■ No federal statute prescribes a limitation period for § 1981 claims. When Congress is silent, courts borrow the limitation period set by the state most connected with the federal claim for the most similar state cause of action. For Chung's § 1981 claims, which arose in California, this formula produces a three-year period. *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981).

■ Chung again relies on the federal continuing-violation rule to revive his § 1981 claims that are more than three years old. A crucial and interesting threshold issue is whether we should also apply this federal rule to claims based on a statute like § 1981 that uses state law to set the limitation period, or whether we must divine and apply the state rule.

We find the use of the federal continuing-violation rule more sensible.[1] While Congressional silence may impliedly incorporate state limitation periods to fill the interstices of statutes, the same silence cannot eliminate established federal rules that govern the running of limitation periods. Moreover, we tolerate some forum shopping by applying variant state limitation periods in large part because courts are ill-suited to set arbitrary limits. But courts can and commonly do fashion rules to govern the running of limitation periods.

A number of courts have reasoned to this conclusion. In a line of cases construing another federal statute[2] without a facial limitation period, the Supreme Court has held that, although states' statutes of limitation apply, federal law governs when the claim accrues and the limitation period begins to run. *Cope v. Anderson*, 331 U.S. 461, 464, 67 S.Ct. 1340, 1341, 91 L.Ed. 1602 (1947); *Fisher v. Whiton*, 317 U.S. 217, 220, 63 S.Ct. 175, 176, 87 L.Ed. 223 (1942); *Rawlings v. Ray*, 312 U.S. 96, 98, 61 S.Ct. 473, 474, 85 L.Ed. 605 (1941). We have adopted the same approach in determining when a claim accrues under 42 U.S.C. § 1983, a civil rights statute related to § 1981. *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981); *Briley v. California*, 564 F.2d 849, 854–55 (9th Cir. 1977). *See also Archer v. Airline Pilots Ass'n Int'l*, 609 F.2d 934, 937 (9th Cir. 1979) (claim under Railway Labor Act), *cert. denied*, 446 U.S. 953, 100 S.Ct. 2920, 64 L.Ed.2d 810 (1980). We now elect to follow the lead of other courts which have applied the federal continuing-violation rule to § 1981 claims.[3] *Allen v. Amalgamated & Transit Union Local 788*, 554 F.2d 876, 880–81 (8th Cir.), *cert. denied*, 434 U.S. 891, 98 S.Ct. 266, 54 L.Ed.2d 176 (1977); *Macklin v. Spector Freight Systems, Inc.*, 478 F.2d 979, 994 (D.C.Cir.1973); *Ingram v. Madison Square Garden Center, Inc.*, 482 F.Supp. 414, 423 (S.D.N.Y.1979).

■ In this case, the district court held that the facts alleged by Chung did not constitute a continuing violation of § 1981. The basis for this conclusion is not entirely clear. Chung's complaint adequately al-

---

1. This is not to say that the use of the state rule would be indefensible. One argument is that courts borrow state limitation periods in part to conform federal claims to their state counterparts, and that the use of state rules on the running of these periods would further this purpose. However, we find uniformity between identical federal claims in different states to be more important than uniformity between often only vaguely similar state and federal claims within a state. A second, more persuasive argument is that in *Campbell v. City of Haverhill*, 155 U.S. 610, 614–15, 15 S.Ct. 217, 218, 39 L.Ed. 280 (1895), the Supreme Court held that the Rules of Decision Act (28 U.S.C. § 1652) requires the use of state limitation periods; and that therefore the Act may also require the use of the state rules that govern the running of the periods. Rather than debate the meaning of *Campbell* and the Act, we sim-

ply note that the most similar Supreme Court precedent (identified in the next paragraph in the text) used federal rules. Apparently, *Campbell* does not dictate the rules that govern the running of limitation periods.

2. The statute outlined the liability of shareholders of insolvent national banks.

3. In *Ward v. Caulk*, 650 F.2d 1144 (9th Cir. 1981), *Bratton v. Bethlehem Steel Corp.*, 649 F.2d 658 (9th Cir. 1980), and *London v. Coopers & Lybrand*, 644 F.2d 811 (9th Cir. 1981), the appellants urged us to adopt this continuing-violation rule to revive their § 1981 stale claims. Because none of them alleged facts that constituted a continuing violation, we did not decide whether to adopt the rule.

leged a continuing violation, and the record does not contain sufficient evidence to support a finding by the district court that there was no genuine factual dispute on this issue. It seems probable that, because the court believed that Chung alleged only discrete acts of discrimination in his charge and because the same misconduct underlay the claims in his complaint, the court concluded that Chung should not be allowed to prove the continuing violation alleged in the complaint. If this was its rationale, the district court erred by ruling that the allegations made in Chung's EEOC charge somehow limited his § 1981 claims. The proper inquiry would have been whether Chung could prove the facts alleged in his complaint. When making this inquiry, the district court should have allowed him to present evidence in support of his claims.

### C. Unperfected Recent Title VII Claim

Chung alleges that the defendants denied him another promotion on February 28, 1979. Although he did not record this discriminatory act in his EEOC charge, it may be adjudicated along with his other Title VII claims so long as it was "like or reasonably related to the allegations of the EEOC charge." *Oubichon v. North American Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973). The district court concluded that the act was not reasonably related, apparently relying on its premature holding of no continuing violation. As in *Oubichon*, we hold that a trial is necessary to determine whether this recent act was reasonably related to the discrimination alleged in the EEOC charge. If Chung can prove a pattern of discrimination, he may also be able to show that this recent act was part of the pattern.

### D. Unperfected Title VII Claims Against the Doctors

Finally, Drs. Palmer, Spencer, and Hoblit argue that, because the EEOC charge did not name them, Chung cannot recover on his Title VII claims against them. Again we note that EEOC charges must be liberally construed. *Kaplan v. In-*ternational Alliance of Theatrical and Stage Employees*, 525 F.2d at 1359. Both the EEOC and the doctors should have anticipated that Chung would name in his suit those who denied him the promotions mentioned in the charge. Therefore, Chung's charge supplied an adequate basis for his Title VII claims against the doctors.

### III. Conclusion

The district court should not have dismissed Chung's claims before trial. On remand, the court should give Chung the opportunity to present evidence on whether there was a pattern of racial discrimination and on what acts comprised this pattern.

REVERSED.