Sharon Margaret PAVLAK,
Plaintiff-Appellant,

v.

John R. CHURCH, individually and in his official capacity as Chief of Police for the City of Boise; Frank E. Richardson, Clinton Bays, and J. M. Berry, individually and in their official capacities as officers of the City of Boise Police Department; Kent Greenwell and David Allen, individually and in their respective official capacities as Communications Supervisor and Assistant Communications Supervisor of the Public Works Department of the City of Boise; Ryan Armbruster, individually and in his official capacity as Assistant City Attorney for the City of Boise; Richard Eardley, individually and in his official capacity as Mayor of the City of Boise; Ralph J. McAdams, Marjorie J. Ewing, Fred L. Kopke, Berne K. Jensen, Joy Buersmeyer, and Cordelia Onweiler, individually and in their official capacities as City Council members of the City of Boise; The City of Boise, Idaho, a municipal corporation, Myrl E. Ingram, Dennis Baird, and John Paschke, each individually and as agents and employees of Mountain States Telephone and Telegraph Company; and Mountain States Telephone and Telegraph Company, a Colorado corporation, Defendants-Appellees.

Nos. 81-3109, 81-3122.

United States Court of Appeals, Ninth Circuit.

Submitted March 5, 1982.

Decided July 14, 1982.

Lee Price Fernon, Austin, Tex., Jon N. Wyman, Wyman & Wyman, Boise, Idaho, for plaintiff-appellant.

Brian K. Julian, Quane, Smith, Howard & Hull, Boise, Idaho, for defendants-appellees.

Before KENNEDY, FARRIS and NORRIS, Circuit Judges.

KENNEDY, Circuit Judge:

The question here is whether, after certification of a Rule 23(b)(3) class is denied, a plaintiff, who was a member of the puta-

tive class, may claim that the statute of limitations was tolled pending determination of the certification motion so that she may file an independent suit. Plaintiff, the appellant here, contends that under *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the statute of limitations is tolled to give her such an opportunity. We disagree. *American Pipe* permitted a toll of the statute of limitations for a class member who intervened in the action in which class certification was denied, and we conclude that its rationale cannot be extended to those who do not intervene, or try to do so. We therefore affirm.

Appellant's complaint alleged causes of action under 42 U.S.C. §§ 1983, 1985(3), and 1986, and 18 U.S.C. § 2520 (1976), as well as various pendent claims. She sought damages and other relief from alleged unauthorized surveillance of her private telephone conversations. Policemen, other employees of the City of Boise, including the Mayor and City Council, and employees of Mountain States Telephone & Telegraph Co. were joined as defendants.

Other alleged victims of the illegal surveillance filed their own suits in federal district court. One of them, plaintiff Baker, filed a Rule 23(b)(3) class action against defendants in April 1977, and the putative class included appellant Pavlak. Certification was later denied on the ground that a numerous class did not exist, so that Fed.R. Civ.P. 23(a)(1) was not met. Appellant had petitioned the district court to participate as a class member in May 1979; but after the denial of class certification in August 1979, she did not move to intervene despite the fact that the court's order denying certification allowed over a month to do so. Plaintiff's complaint was not filed until August 11, 1980.

Both the city and telephone company defendants responded with motions for summary judgment on the ground that plaintiff's claims were barred by applicable statutes of limitations. The district judge granted summary judgment for defendants.

Since the statute of limitations upon which plaintiff relies, Idaho Code § 5–218, is three years, and the causes of action accrued at the latest, by April 1977, plaintiff's suit was time-barred unless the running of the statute of limitations was tolled pending the ruling on class certification.

In *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), the State of Utah began an antitrust action. The suit was brought as a class action, with the State purporting to represent various state and local government units. Upon a motion by the defendant, however, the district court held that the suit could not be maintained as a class action because the class members were not numerous. Between the time the original suit was filed and the denial of class certification, the statute of limitations had run, and the district court held that intervention of the putative class members was time-barred. The Supreme Court, affirming our court, held that the statute was tolled.

> [A]t least where class action status has been denied solely because of failure to demonstrate that "the class is so numerous that joinder of all members is impracticable," the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status.

*Id.* at 552–53, 94 S.Ct. at 765–766. A contrary rule would be unfair to putative class members who might have relied on their representation by the class action plaintiff, *id.* at 551–52, 94 S.Ct. at 765, and would inhibit judicial economy by encouraging potential class members to file protective intervention motions, *id.* at 553, 94 S.Ct. at 766.

■ A threshold question of some difficulty is whether the tolling issue here is determined under Idaho or federal law. As a general rule, in actions filed under 42 U.S.C. § 1983, state statutes of limitation, including state rules of tolling, apply. *Board of Regents v. Tomanio*, 446 U.S. 478,

100 S.Ct. 1790, 64 L.Ed.2d 440 (1980). *Tomanio* applied the state rule on whether the statute of limitations was tolled while "a litigant pursues a related, but independent cause of action," *id.* at 486, 100 S.Ct. at 1796; specifically, the question was whether the limitations period on plaintiff's constitutional claims was tolled while she resolved her state law interpretation claims in state court. The Court rejected the argument that application of the state no-tolling rule would be "inconsistent with the federal policy underlying the cause of action under consideration." *Id.* at 485, 100 S.Ct. at 1795, *quoting Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 465, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1975). The Court found no federal policy underlying 42 U.S.C. § 1983 which called for application of a special federal rule. *Tomanio*, 446 U.S. at 487–92, 100 S.Ct. at 1796–1799.[1] The issue before us, namely, whether state or federal rules of limitation apply when the reason for tolling arises from federal procedural policy, was not raised or addressed in *Tomanio*.

■ Federal procedural rules will modify the application of state limitations policy in federal question cases. *E.g., Bomar v. Keyes*, 162 F.2d 136, 140 (2d Cir. 1947) (filing of complaint under federal rules tolls statute despite contrary state law rule). This is justified by the need for uniformity. The Court in *Tomanio* agreed that "uniformity" was "a federal policy which sometimes necessitates the displacement of an otherwise applicable state rule of law." *Tomanio* at 489, 100 S.Ct. at 1797. *Cf. Hanna v. Plumer*, 380 U.S. 460, 469–74, 85 S.Ct. 1136, 1142–1145, 14 L.Ed.2d 8 (1965) (burden is on party who argues federal rules of civil procedure do not govern in diversity cases); *Byrd v. Blue Ridge Rural Electric Cooperative*, 356 U.S. 525, 537–38,

78 S.Ct. 893, 900–901, 2 L.Ed.2d 953 (1958) (state law not applied in face of countervailing federal procedural policy).

There is need for procedural uniformity in all class actions in federal courts and under this principle the federal rule, not the state law, governs the tolling issue relevant here. *Cf. Chung v. Pomona Valley Community Hospital*, 667 F.2d 788, at 791 n.1 (9th Cir. 1982) ("uniformity between identical federal claims in different states" found more important than "uniformity between often only vaguely similar state and federal claims within a state"). The various considerations for our decision concern the "just, speedy, and inexpensive determination," Fed.R.Civ.P. 1, of disputes within the context of the federal procedural rules. This case presents us with the same sort of question the Supreme Court faced in *American Pipe*, namely, choice of "the rule most consistent with federal class action procedure." *Id.*, 414 U.S. at 554, 94 S.Ct. at 766. Although *American Pipe* concerned a cause of action under the federal antitrust laws, this was in our view an accidental feature of the case; the rule of tolling adopted there was an equitable incident of federal procedure. Our holding is supported by the Supreme Court's comment on *American Pipe* in *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975):

> [In *American Pipe*], there was a substantial body of relevant federal procedural law to guide the decision to toll the limitation period and significant underlying federal policy that would have conflicted with a decision not to suspend the running of the statute.

*Id.* at 466, 95 S.Ct. at 1723. Under these principles, the issue of whether the *American Pipe* tolling rule applies here is one of federal procedural law.[2]

---

1. For cases in which such "inconsistency" with federal substantive policy has been found to justify the development of a federal rule, *see Occidental Life Insurance Co. of California v. Equal Employment Opportunity Commission*, 432 U.S. 355, 366–73, 97 S.Ct. 2447, 2454–2457, 53 L.Ed.2d 402 (1977) (state statutes of limitations do not apply to EEOC actions enforcing

Title VII claims); *Chung v. Pomona Valley Community Hospital*, 667 F.2d 788, at 791 (9th Cir. 1982) (federal continuing violation rule adopted to toll state statute); *Cline v. Brusett*, 661 F.2d 108, 110 (9th Cir. 1981) (accrual of a cause of action governed by federal law).

2. Our Lexis research into Idaho law has dis-

■ We turn to the question whether the statute of limitations was tolled for this appellant despite her failure to intervene in the action when class certification was denied. There are two principle reasons for tolling a limitations statute pending class certification. The first is fairness to any plaintiffs who may have refrained from filing suit or moving to intervene, expecting the case to proceed as a class suit. The second, closely related, justification for the tolling rule is that it serves judicial efficiency by eliminating the need to file intervention motions as a protective measure before the certification ruling is issued. Tolling the statute protects these interests by permitting plaintiffs to defer intervention motions until the class certification issue is decided. These are the principles underlying the rationale of *American Pipe.* Neither of these reasons, however, avails a plaintiff who fails to intervene but instead files an individual suit after class certification has been denied. If a class member chooses to file an independent action, he or she may do so regardless of the pendency of the suit in which there is a motion to certify. We think that in this instance the plaintiff should determine either to abide by the class certification motion, and file for intervention if it fails, or, on the other hand, commence an independent suit at the outset. Thus, the potential class member can either opt out and begin his own action within the relevant limitations period, or do nothing, in which case he will be bound by the results of the litigation. If, as here, the latter course is taken and class certification is denied, principles of equity give the putative class members a chance to intervene in the suit, thereby approximating the status quo ante. These equitable principles do not extend to permit the plaintiff to take advantage of the alternative of a separate action after the limitations period has expired.

Under this rationale, intervention after denial of class certification is encouraged.

The suggestion by an appellant that intervention is cumbersome is undercut by an unchallenged factual finding that the class was not numerous. Where class certification was denied because the class was not numerous, then by definition post denial intervention is manageable and consistent with sound judicial administration. The *American Pipe* rule, therefore, does not support appellant's argument that she should be authorized to commence an independent suit without regard to limitations where class action status has been denied and no intervention is sought.

Appellant argues that the *American Pipe* tolling rule was extended by a footnote, in *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 176 n.13, 94 S.Ct. 2140, 2152 n.13, 40 L.Ed.2d 732 (1974), to allow commencement of separate suits after class decertification. *Eisen* held that individual notice was required for all Rule 23(b)(3) class members who could be identified through reasonable effort, regardless of the expense this would cause to the plaintiff. One of the arguments made by the class action plaintiff in *Eisen* was that the class members would not opt out, since the statute of limitations had long since run on their claim, and therefore there was no compelling reason to provide them with notice. The Supreme Court rejected this argument, noting:

> This contention is disposed of by our recent decision in *American Pipe & Construction Co. v. Utah,* 414 U.S. 538 [94 S.Ct. 756, 38 L.Ed.2d 713] (1974), which established that commencement of a class action tolls the statute of limitations as to all members of the class.

We have sympathy with the court in *Stull v. Bayard,* 424 F.Supp. 937, 943 (S.D.N.Y. 1977), which found the brief footnote "puzzling." We do not read it, however, as effecting a drastic expansion of *American Pipe* beyond the solid equities of its factual underpinnings. The footnote seems to allow a class member who opts out at the

---

closed no statute or court decision on point, although Idaho contains a procedural rule identical to Fed.R.Civ.P. 23. We note that we therefore have no basis for identifying the Ida-

ho law on this subject, should we conclude that it is relevant. We do believe that the courts of Idaho would adopt *American Pipe,* and our reading of it, as the better rule.

time of receiving notice of the institution of a class action to commence his own separate suit. It does not, however, authorize tolling of the statute of limitations for those who file separate actions at the time of denial of class certification. That issue was not presented to the Court in *Eisen.*

Our resolution of this case follows that of the Second Circuit in *Stull v. Bayard,* 561 F.2d 429, 433 (2d Cir. 1977), *cert. denied,* 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 783 (1978), *aff'g,* 424 F.Supp. 937, 941–43 (S.D. N.Y.1977). The District of Columbia Circuit, in *Wachovia Bank and Trust Co. v. National Student Marketing Corp.,* 650 F.2d 342, 346 n.7 (D.C.Cir.1980) (alternative reason), *cert. denied,* 452 U.S. 954, 101 S.Ct. 3098, 69 L.Ed.2d 965 (1981), expressed a consistent view. We are aware of the contrary suggestion in *Satterwhite v. City of Greenville,* 578 F.2d 987, 997 (5th Cir. 1978), *vacated for reconsideration,* 445 U.S. 940, 100 S.Ct. 1334, 63 L.Ed.2d 773 (1980). Even assuming the Fifth Circuit would reach the suggested conclusion were the issue squarely presented, we agree with the resolution reached by the Second Circuit, for reasons expressed in this opinion.

We do not hold that the principles expressed in *American Pipe* have no application to other factual circumstances than those before the Court. We do not necessarily reject, for example, the results reached in *Haas v. Pittsburgh National Bank,* 526 F.2d 1083, 1096–98 (3d Cir. 1975) (tolling applies to named plaintiffs later joining suit), and *McCarthy v. Kliendienst,* 562 F.2d 1269, 1272–75 (D.C.Cir.1977) (*American Pipe* applies where certification denied on ground of atypicality). We hold only that the rule in *American Pipe* does not apply to a situation where, as here, the policies explaining the case have no application.

AFFIRMED.

NORRIS, Circuit Judge:

I respectfully dissent because I cannot reconcile the majority's opinion with the Supreme Court's decision in *Eisen v. Carlisle & Jacquelin,* 417 U.S. 156, 94 S.Ct. 2140, 40 L.Ed.2d 732 (1974).

The majority excludes from the tolling rule of *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974), putative class members who file separate lawsuits rather than intervene after denial of class certification. While I agree with the majority that such a limitation furthers the goal of judicial efficiency, that should not end our inquiry. The Court in *Eisen* has told us that the *American Pipe* tolling rule benefits even class members who wish to file separate lawsuits.

I find the rule of *Eisen*—that commencement of a class action tolls the statute of limitations for a class member who chooses to opt out and commence a separate action—controlling in this case. Like the class member in *Eisen* who opts out, Pavlak has elected to commence a separate action. Based on concerns for judicial efficiency, Pavlak should be entitled to a tolling rule as much as the *Eisen* class members, if not more so; at least Pavlak might never have filed a separate lawsuit had the class been certified.

The majority apparently relies on the distinction that in *Eisen* the separate actions would follow notice of class certification, whereas Pavlak's separate action follows the *denial* of class certification. *See ante* at 621. I see nothing of significance in this distinction.

Unlike the majority, I find nothing "puzzling" about the *Eisen* footnote. The Supreme Court could not have spoken more clearly when it said that *American Pipe* established that "commencement of a class action tolls the applicable statute of limitations as to *all* members of the class." *Eisen,* 417 U.S. at 176 n.13, 94 S.Ct. at 2152 n.13 (emphasis added). I presume the Court intended "all" to mean "all," not "some" class members, as the majority holds. "All" includes the putative class members in *American Pipe* who intervened after denial of class certification, the class

members in *Eisen* who opt out after class certification and file separate actions, and putative class members like Pavlak who file separate actions after denial of class certification. It is not the *Eisen* footnote I find "puzzling"; what I find "puzzling" is the majority's inexplicable refusal to take the Supreme Court at its word.