234 Kan. 1059 (1984)
678 P.2d 128
KENNETH M. WALTRIP, PATSY SUE WALTRIP, and DOROTHY JEAN PUFF, Trustees of the Hill Revocable Trusts, Appellants,
v.
THE SIDWELL CORPORATION; SIDWELL OIL AND GAS, INC.; ROBERT KLABZUBA; DAVID D. READ, JR.; JUDITH ANN KLABZUBA PARK; JANET MARIE KLABZUBA STEVENS; JANE ALICE KLABZUBA KORMAN; JO J. KLABZUBA, Trustee; BILLY J. READ; ALAN DANIEL READ; and KATHY JANE READ, Appellees, JAMES ROBERT HILL, individually and as Co-Trustee of the Houston and Emma Hill Trust Estate; VIRGINIA GLENN HILL LATTIMORE, individually and as Co-Trustee of the Houston and Emma Hill Trust Estate; and B.P. LOCKHART, Co-Trustee of the Houston and Emma Hill Trust Estate, Appellants,
v.
THE SIDWELL CORPORATION; SIDWELL OIL AND GAS, INC.; ROBERT KLABZUBA; DAVID D. READ, JR.; JUDITH ANN KLABZUBA PARK; JANET MARIE KLABZUBA STEVENS; JANE ALICE KLABZUBA KORMAN; JO J. KLABZUBA, Trustee; BILLY J. READ; ALAN DANIEL READ; and KATHY JANE READ, Appellees.
Nos. 55,858 and 55,859
Supreme Court of Kansas.
Opinion filed February 18, 1984.
Clifford L. Malone, of Adams, Jones, Robinson & Malone, of Wichita, argued the cause for appellants Kenneth M. Waltrip, et al.; Dennis M. Feeney, of Morris, Laing, Evans, Brock & Kennedy, Chartered, of Wichita, argued the cause for appellants James Robert Hill, et al., and was on the brief for all appellants.
William R. Smith, of Hershberger, Patterson, Jones & Roth of Wichita, argued the cause, and David J. Morgan, of the same firm, was with him on the brief for appellees.
The opinion of the court was delivered by
HOLMES, J.:
Plaintiffs in two consolidated cases appeal from summary judgments granted in favor of the defendants on the grounds the claims were barred by the applicable statute of limitations. The cases, originally consolidated in the trial court, remain consolidated on appeal and were transferred from the Court of Appeals pursuant to K.S.A. 20-3018(c).
These cases arise from the same facts underlying First Nat'l Bank and Trust Co. v. Sidwell Corp., 234 Kan. 867, 678 P.2d 118 (1984), and hereinafter referred to as Sidwell I. The facts as set forth in Sidwell I will not be repeated here. Plaintiffs in the present cases are owners or trustees of oil and gas lease working interests in the Mule Creek Northeast Prospect, which interests were originally obtained in November, 1971, from defendant David D. Read, Jr. Defendant Read also sold and conveyed undivided interests in this joint venture and the leases therein to defendants The Sidwell Corporation, Sidwell Oil and Gas, Inc., and Robert Klabzuba. The remaining defendants are children of Read and Klabzuba and assignees of those defendants' interests in the Booth lease. Plaintiffs are attempting to assert claims to an interest in the Booth lease located in the Mule Creek Northeast Prospect as more fully stated in Sidwell I. The lease in question was obtained by some of the defendants and filed of record on May 11, 1977.
Sidwell I was filed as a class action in the District Court of Sedgwick County on May 7, 1979. It was not until that time that plaintiffs here obtained actual knowledge and notice of defendants' acquisition and development of the Booth lease. The original petitions in Sidwell I requested certification of a class of plaintiffs composed of the working interest owners in the Mule Creek Northeast Prospect, including the present plaintiffs, and asserted claims identical to those pressed in the instant actions. However, the trial judge in Sidwell I denied its certification as a *1061 class action January 15, 1982, due to the absence of numerosity, as required by K.S.A. 60-223(a)(1). The journal entry of this order was not filed until January 27, 1982. Plaintiffs in the present cases learned of the court's ruling on or about February 17, 1982, when they received a copy of the journal entry.
The Waltrip plaintiffs commenced their suit on May 7, 1982, and the Hill plaintiffs filed their petition on May 11, 1982. After answering the petitions and before any discovery occurred, defendants moved for summary judgment asserting plaintiffs' claims were barred by the statute of limitations. The trial court found that plaintiffs' causes of action were based upon fraud and deceit and violation of fiduciary duties and therefore K.S.A. 60-513, the two-year statute of limitations, applied. The court further found that the recording of the Booth lease on May 11, 1977, triggered the statute of limitations and as plaintiffs were not actual plaintiffs or intervenors in Sidwell I, K.S.A. 60-518 was not applicable and the two-year statute of limitations had expired. The sole issue before this court is whether plaintiffs' claims were barred by the statute of limitations.
Although plaintiffs assert several arguments on appeal, it is only necessary that one be considered as it is dispositive of the single issue before us. Plaintiffs claimed below that whatever limitation period applied to their action, the limitation was tolled during the time class certification in the Sidwell I case was pending before the district court of Sedgwick County and that upon denial of class certification, their actions were timely filed. This argument was based on the holding in American Pipe & Construction Co. v. Utah, 414 U.S. 538, 38 L.Ed.2d 713, 94 S.Ct. 756 (1974), where the United States Supreme Court determined that the pendency for all class action tolled the running of the statute of limitations for all potential class members who timely intervened within the time period of the statute of limitations remaining after class certification was denied. (Federal case law was used to argue by analogy because of the substantial similarity between K.S.A. 60-223 and Fed. R. Civ. Proc. 23. See Steele v. Security Benefit Life Ins. Co., 226 Kan. 631, 602 P.2d 1305 [1979]; Beaver v. Chaffee, 2 Kan. App.2d 364, 371, 579 P.2d 1217 [1978].) In support of their position that the limitations period was tolled, plaintiffs relied upon American Pipe wherein the Court stated:

*1062 "We are convinced that the rule most consistent with federal class action procedure must be that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." 414 U.S. at 554. (Emphasis added.)
Plaintiffs then relied on decisions in a number of federal courts that the American Pipe tolling rule should not be limited to subsequent intervenors, but should also extend to separate actions by those originally alleged to be class members. Satterwhite v. City of Greenville, 578 F.2d 987 (5th Cir.1978); Green v. United States Steel Corp., 481 F. Supp. 295 (E.D. Pa. 1979).
For their position the limitations period did not toll because plaintiffs filed separate actions rather than intervene in Sidwell I, defendants relied on the following language in American Pipe:
"We hold that in this posture, at least where class action status has been denied solely because of failure to demonstrate that `the class is so numerous that joinder of all members is impracticable,' the commencement of the original class suit tolls the running of the statute for all purported members of the class who make timely motions to intervene after the court has found the suit inappropriate for class action status." 414 U.S. at 552-53. (Emphasis added.)
Defendants then supported their position by references to federal decisions limiting the American Pipe tolling rule to subsequent intervenors. Stull v. Bayard, 561 F.2d 429 (2d Cir.1977); Pavlak v. Church, 681 F.2d 617 (9th Cir.1982). Faced with this split of authority on the federal level, and no relevant decisions on the state level, the trial judge below chose a restrictive interpretation of American Pipe, and held its tolling rule inapplicable because plaintiffs filed their own separate actions after class certification was denied, rather than intervene in Sidwell I.
Subsequent to the trial court's decision herein, the United States Supreme Court resolved the ambiguity arising out of its decision in American Pipe. In Crown, Cork & Seal Co. v. Parker, 462 U.S. ___, 76 L.Ed.2d 628, 103 S.Ct. 2392 (1983), the question confronting the Court was "whether the filing of a class action tolls the applicable statute of limitations, and thus permits all members of the putative class to file individual actions in the event that class certification is denied, provided, of course, that those actions are instituted within the time that remains on the limitations period." Parker, 76 L.Ed.2d at 631. Rejecting a narrow interpretation of American Pipe, the Court unequivocally *1063 applied the tolling rule of that decision to plaintiffs who file separate lawsuits.
"We conclude, as did the Court in American Pipe, that `the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action.' Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied. At that point, class members may choose to file their own suits or to intervene as plaintiffs in the pending action." (Citations omitted.) Parker, 76 L.Ed.2d at 636.
Both plaintiffs and defendants recognize and rely on Parker and we adopt the rationale of both American Pipe and Parker in determining the status of potential members of a class in a Kansas class action. Defendants, however, are in error in their assertion of what rights were preserved by the filing of Sidwell I. In Parker the Supreme Court stated:
"The American Pipe Court recognized that unless the statute of limitations was tolled by the filing of the class action, class members would not be able to rely on the existence of the suit to protect their rights. Only by intervening or taking other action prior to the running of the statute of limitations would they be able to ensure that their rights would not be lost in the event that class certification was denied.... A putative class member who fears that class certification may be denied would have every incentive to file a separate action prior to the expiration of his own period of limitations. The result would be a needless multiplicity of actions  precisely the situation that Federal Rule of Civil Procedure 23 and the tolling rule of American Pipe were designed to avoid.
....
"The Court noted in American Pipe that a tolling rule for class actions is not inconsistent with the purposes served by statutes of limitations. 414 U.S., at 554, 38 L.Ed.2d 713, 94 S.Ct. 756. Limitations periods are intended to put defendants on notice of adverse claims and to prevent plaintiffs from sleeping on their rights, see Delaware State College v. Ricks, 449 U.S. 250, 256-257, 66 L.Ed.2d 431, 101 S.Ct. 498 (1980); American Pipe, 414 U.S., at 561, 38 L.Ed.2d 713, 94 S.Ct. 756 (concurring opinion); Burnett v. New York Central R. Co., 380 U.S. 424, 428, 13 L.Ed.2d 941, 85 S.Ct. 1050 (1965), but these ends are met when a class action is commenced. Class members who do not file suit while the class action is pending cannot be accused of sleeping on their rights; Rule 23 both permits and encourages class members to rely on the named plaintiffs to press their claims. And a class complaint `notifies the defendants not only of the substantive claims being brought against them, but also of the number and generic identities of the potential plaintiffs who may participate in the judgment.' American Pipe, 414 U.S., at 555, 38 L.Ed.2d 713, 94 S.Ct. 756; see United Airlines, Inc. v. McDonald, 432 U.S., at 395, 53 L.Ed.2d 423, 97 S.Ct. 2464. The defendant will be aware of the need to preserve evidence and witnesses respecting the claims of all the members of the class. Tolling the statute of limitations thus creates no potential *1064 for unfair surprise, regardless of the method class members choose to enforce their rights upon denial of class certification." 76 L.Ed.2d at 633-35.
One of the principal purposes of class action litigation is to avoid a multiplicity of actions when conditions exist that will allow all claims of numerous potential plaintiffs to be determined in a single action. See K.S.A. 60-223. To accomplish this purpose it is obvious that the rights of potential members of the class must be preserved pending the determination of whether the court certifies the action as a class action under K.S.A. 60-223(c)(1). We hold that the right of all putative members of a proposed class in an action filed pursuant to K.S.A. 60-223 to file a separate action is preserved pending the determination of whether the initial case shall be maintained as a class action. If the court refuses to certify the class on the basis of a lack of numerosity (K.S.A. 60-223[a][1]), as it did in Sidwell I, then the potential members of the class are in the same position for the purposes of filing separate actions as if they had been named plaintiffs in the original action. Defendants go one step further and assert Parker mandates that our two-year statute of limitations was only tolled during the pendency of Sidwell I. Hence, as the Booth lease was filed of record on May 11, 1977, and as Sidwell I was filed May 7, 1979, it is argued these plaintiffs only had four days after the ruling of that court refusing to certify the class in which to file their separate actions. This reasoning is erroneous. As pointed out in both American Pipe and Parker, the pendency of the initial action preserves the rights of potential class members under the applicable statute of limitations.
Our statutes of limitation are set forth in K.S.A. 60-501 through 60-521. We do not have any "tolling" provisions which apply during the pendency of an action. K.S.A. 60-518 is a saving statute and not a tolling statute. See Howard v. State Highway Commission, 181 Kan. 226, 228, 311 P.2d 313 (1957). K.S.A. 60-518 provides:
"If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure." (Emphasis added.)
The generally accepted result of a tolling provision is that the statute of limitations does not begin to run, or if begun, is *1065 interrupted due to certain factual circumstances. See K.S.A. 60-517. On the other hand, K.S.A. 60-518 does not stop or toll the running of the statute but preserves or saves to the plaintiff six months to file a second action if the statute of limitations has run during the pendency of the first action and that action is dismissed otherwise than on the merits. Jackson v. Oil & Gas Co., 115 Kan. 386, 222 Pac. 1114 (1924); Denton v. Atchison, 76 Kan. 89, 91, 90 Pac. 764 (1907).
In the instant case, we do not need to determine whether the statute of limitations as to these plaintiffs was triggered by the filing of the Booth lease or commenced to run at some later date. Sidwell I was filed within two years of the filing of the Booth lease, the earliest possible date, and therefore was timely. Under our holding today the rights of the plaintiffs herein insofar as the time for filing these actions were preserved pursuant to K.S.A. 60-518. The determination that the proposed class in Sidwell I would not be certified as a class was tantamount to a dismissal otherwise than on the merits as to these plaintiffs. Plaintiffs filed these actions well within six months of the trial court's ruling and were therefore timely.
The judgment is reversed and the cases remanded for further proceedings.