**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANIEL CABALLERO,

    Plaintiff - Appellant,

v.

WYANDOTTE COUNTY SHERIFF'S
DEPARTMENT; CORRECT CARE
SOLUTIONS; CORIZON HEALTH, INC.,

    Defendants - Appellees.

No. 19-3045
(D.C. No. 5:18-CV-03228-SAC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, **O'BRIEN**, and **MATHESON**, Circuit Judges.
_____

Daniel Caballero, a Kansas inmate appearing pro se, appeals the district

court's dismissal on timeliness grounds of his personal injury claims brought under

42 U.S.C. § 1983. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. Background

Caballero alleges he sought treatment in the Wyandotte County Detention Center for a cut to his right ring finger in February 2015.[1] The cut became infected, and Caballero's finger developed gangrene. To prevent further spread of the gangrene a surgeon amputated most of Caballero's ring finger on March 5, 2015.

Caballero filed a personal injury action related to these events in Kansas state court on December 21, 2016. *Caballero v. Wyandotte Cty.*, 2018 WL 4167234, at *1 (Kan. Ct. App. Aug. 31, 2018) (per curiam) (unpublished). The court dismissed Caballero's case in August 2017 due to Caballero's failure to comply with Kan. Stat. Ann. § 12-105b, which requires a plaintiff to provide advance notice to a municipality before suing it. *Id.* at *1–2. Caballero appealed to the Kansas Court of Appeals, which affirmed on August 31, 2018. *Id.* at *3.

Caballero then filed this case *in forma pauperis* in the District of Kansas on September 4, 2018, asserting claims for damages under 42 U.S.C. § 1983 as a result of the care provided by Defendants in early 2015. The district court applied 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and issued an order to show cause why the complaint should not be dismissed for failure to state a claim upon which relief can be granted because Caballero filed it outside of the applicable two-year limitations period. Caballero argued in response that equitable tolling applies to his claims, or,

---

[1] For purposes of this appeal, we assume that Caballero's factual allegations are true.

2

alternatively, that the five-year limitations period for breaches of contract applies. The district court rejected Caballero's arguments and dismissed the case.

## II.  Discussion

### A.  Standard of Review

We review de novo the district court's ultimate dismissal of an action under 28 U.S.C. §§ 1915(e)(2)(B)(ii) or 1915A(b) for failure to state a claim, applying the same standards we employ to review dismissals under Fed. R. Civ. P. 12(b)(6).  *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009); *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).  But "[w]e review the district court's refusal to apply equitable tolling for an abuse of discretion."  *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) (internal quotation marks omitted).  Because Caballero appears pro se, we construe his filings liberally but do not serve as his advocate.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### B.  Legal Background

"A hodgepodge of state and federal law governs the timeliness of claims under 42 U.S.C. § 1983."  *Mondragón v. Thompson*, 519 F.3d 1078, 1082 (10th Cir. 2008).  Federal law determines when "the claim accrues and the limitations period starts to run."  *Id.*  But the length of the limitations period "is drawn from the personal-injury statute of the state in which the federal district court sits."  *Id.*  State law also "governs any tolling of that period, except that federal law might also allow additional equitable tolling in rare circumstances."  *Id.* (citation omitted).

3

Kansas has a two-year statute of limitations for personal injury suits. *See* Kan. Stat. Ann. § 60-513(a)(4). The Kansas Court of Appeals has suggested in unpublished decisions that the period can be equitably tolled if a plaintiff "has been pursuing his or her rights diligently and some 'extraordinary circumstance stood in [the] way and prevented timely filing.'" *McClain v. Roberts*, 2013 WL 3970215, at *3 (Kan. Ct. App. Aug. 2, 2013) (unpublished) (alteration in *McClain*) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013)); *see also Harris v. Neill*, 2009 WL 3082642, at *6 (Kan. Ct. App. Sept. 25, 2009) (unpublished).

"While the statute of limitations is an affirmative defense, when the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

## C. Application

Caballero does not dispute that his claims accrued on March 5, 2015, and that he therefore filed this case outside the applicable two-year limitations period.[2]

But Caballero argues, without support, that the pendency of his state court case against Wyandotte County tolled the statute of limitations "[a]s long as [he] kept a

---

[2] Caballero's argument that the five-year limitations period for breaches of contract in Kan. Stat. Ann. § 60-511(1) applies to his claims lacks merit. Caballero's complaint does not allege any breach of contract, and we have held that Kan. Stat. Ann. § 60-513(a)(4) establishes a two-year limitations period for § 1983 actions brought in the District of Kansas. *See Hamilton v. City of Overland Park*, 730 F.2d 613, 614 (10th Cir. 1984).

motion of his case pending in the Kansas Courts at all times." Aplt. Br. at 2.1. The Supreme Court has rejected the argument that "equitable tolling should apply so long as the issues that a § 1983 claim would raise are being pursued in state court." *Wallace v. Kato*, 549 U.S. 384, 396 (2007) (internal quotation marks omitted). And Kansas does "not have any 'tolling' provisions which apply during the pendency of an action." *Waltrip v. Sidwell Corp.*, 678 P.2d 128, 133 (Kan. 1984).[3]

Caballero further argues equitable tolling applies because he has been diligently pursuing his rights and extraordinary circumstances prevented him from timely bringing this action. The extraordinary circumstances identified by Caballero relate to his pro se status and misunderstanding of law and legal procedure. "However, it is well established that ignorance of the law, even for an incarcerated pro se [plaintiff], generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted) (analyzing federal tolling principles in the context of a habeas petition); *see also McClain*,

---

[3] Kansas does have a savings statute that enables parties to bring a new case within six months of a dismissal "otherwise than upon the merits" under certain circumstances. Kan. Stat. Ann. § 60-518. But the savings statute does not apply where a plaintiff fails to give the notice required by Kan. Stat. Ann. § 12-105b within the original limitations period. *See Gessner v. Phillips Cty. Comm'rs*, 11 P.3d 1131, 1134 (Kan. 2000). Caballero concedes he did not provide § 12-105b notice to Wyandotte County until April 28, 2017—*i.e.*, after the two-year limitations period expired. *See* R., at 12. The savings statute also does not countenance claims against new defendants that were not parties to the initial action. *See, e.g.*, *Taylor v. Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers*, 968 P.2d 685, 689–90 (Kan. Ct. App. 1998). Defendants Correct Care Solutions and Corizon Health, Inc. were not parties to Caballero's state court case.

2013 WL 3970215, at *3 ("[I]gnorance of the law doesn't entitle a person to equitable tolling of the limitation period.").

To the extent Caballero argues that the state court's refusal to transfer venue of his case to the District of Kansas constituted an extraordinary circumstance, we note he could have prosecuted all his claims in state court. *See, e.g.*, *Sperry v. McKune*, 384 P.3d 1003, 1012 (Kan. 2016) (observing that inmates can bring § 1983 claims in Kansas state courts).

Caballero could have filed this action sooner. But he did not, and his claims are therefore barred by the statute of limitations.

### III.  Conclusion

Caballero's motion to proceed without prepayment of costs and fees is granted. The district court's dismissal of this case is affirmed.

Entered for the Court

Terrence L. O'Brien
Circuit Judge