No. 44,164

Hazel F. Barrett, *Appellant*, v. Saint Elmo Porter, *Appellee*.

(408 P. 2d 574)

Opinion filed December 11, 1965.

*J. Pat Brazil*, of Pratt, argued the cause, and *Richard Barrett* and *Ronald C. Myers*, both of Pratt, were with him on the brief for the appellant.

No appearance or brief for the appellee.

The opinion of the court was delivered by

Price, J.: This is an action to recover damages arising out of an intersection collision of two automobiles.

Plaintiff has appealed from an order dismissing her action.

A brief summary of the pleadings and orders will be sufficient to show the question presented.

The collision occurred on February 15, 1959. The action was filed on February 13, 1961, and was given case No. 10,205. On January 5, 1962, defendant's motion to strike and to make definite and certain was sustained in part and denied in part, and plaintiff was granted twenty days within which to file an amended petition. She failed to do so within that time and, on March 9, 1962, presumably under the authority of G. S. 1949, 60-3105, *Fifth*, which provides that an action may be dismissed by the court without prejudice to a future action for disobedience by the plaintiff of an order concerning the proceedings in the action, defendant's motion to dismiss the action was sustained. The order stated that—

". . . this cause is hereby dismissed without prejudice at the cost of plaintiff."

On April 27, 1962, plaintiff's motion to reinstate the action and for leave to file an amended petition instanter was denied, thus leaving the action dismissed without prejudice, in accordance with the order entered on March 9, 1962.

G. S. 1949, 60-311, in pertinent part, provides that if an action

be commenced within due time and the plaintiff fails therein otherwise than upon the merits and the time limited for the same shall have expired, he may commence a new action within one year after such failure.

Pursuant to this statute plaintiff on May 24, 1962, filed a new action. It was given case No. 10,248. The petition alleged the filing of the first action within time, that it was dismissed on March 9, 1962, without prejudice and thus failed otherwise than on the merits, and that the new action was filed under the authority of the mentioned statute. A copy of the petition in the first action was attached as an exhibit. Defendant filed a demurrer to the petition and a ruling thereon was taken under advisement. In the meantime a motion was filed by plaintiff, supported by an affidavit, to correct a typographical error in the petition. On August 14, 1962, defendant's demurrer to the petition was sustained and plaintiff was given twenty days in which to amend. On September 1, 1962, plaintiff filed an amended petition. On September 10, 1962, defendant filed a demurrer to the amended petition on the ground it did not state facts sufficient to constitute a cause of action, and on January 20, 1964, defendant filed a motion to dismiss the action on the grounds it failed to state a claim against defendant upon which relief could be granted and that the court lacked jurisdiction because plaintiff's claim was barred by the statute of limitations.

On June 8, 1964, defendant's motion to dismiss was sustained, but for reasons not here material a formal order of dismissal was not entered until October 23, 1964.

Plaintiff has appealed from the order of dismissal.

Throughout the proceedings in the trial court defendant was represented by counsel, but in this appeal no brief on behalf of defendant was filed and no one appeared in his behalf upon oral argument.

Under established rules, however, plaintiff, as appellant, is entitled to be heard, and this court accepted the appeal on the record and brief filed by her.

The matter appears to be quite simple.

Plaintiff filed her original action within time. The dismissal of it on March 9, 1962, amounted to a failure thereof "otherwise than upon the merits," and, under G. S. 1949, 60-311, plaintiff was entitled to commence a new action within one year from that date. She did so, and her petition alleged the facts and circumstances of

the first action so as to bring the second action within the terms of the statute in accordance with the ruling of *Force v. Bates,* 177 Kan. 438 (Syl. 1) 280 P. 2d 584. In fact, even the amended petition in the new action was filed within one year from the date of dismissal of the original action. It stated a cause of action, which, under the circumstances, was not barred by the statute of limitations. The second action, therefore, was erroneously dismissed, and the order must be and is reversed.