No. 63,035

BEVERLY F. ROGERS and WILLIAM N. ROGERS (Individuals, and as Co-Administrators of the Estate of Charles Merkle, Deceased), *Appellants*, v. WILLIAMS, LARSON, VOSS, STROBEL & ESTES, A partnership of James A. Williams, Byron G. Larson, George Voss, Ken William Strobel, and Max Eugene Estes, *Appellees.*

(777 P.2d 836)

Opinion filed July 14, 1989.

*Howard Fick,* of Manhattan, argued the cause and was on the brief for appellants.

*F. James Robinson, Jr.,* of Kahrs, Nelson, Fanning, Hite & Kellogg, of Wichita, argued the cause, and *Richard L. Honeyman,* of the same firm, was with him on the brief for appellees.

The opinion of the court was delivered by

MCFARLAND, J.: This is a legal malpractice action in which the trial court granted summary judgment in favor of defendant attorneys on the basis of res judicata and the running of the statute of limitations. Plaintiffs Beverly F. Rogers and William N. Rogers, as individuals and co-administrators of the estate of Charles Merkle, deceased, appeal therefrom.

The facts, although uncontroverted, must be set forth in some detail. Charles Merkle died intestate on June 28, 1977. Beverly

Rogers, daughter of the deceased, was his sole heir at law. On July 11, 1977, Beverly Rogers and her husband William Rogers were appointed co-administrators of the estate. James Williams, a partner in the defendant law firm, represented the administrators between July and December 6, 1977, when Beverly resigned as co-administrator. Thereafter, Williams represented the remaining administrator (William Rogers) until the estate was closed on November 8, 1979. Williams filed the federal estate tax return on March 7, 1978, which showed taxes due in excess of $100,000.00. Federal estate taxes and interest totalling $106,750.58 were paid on December 29, 1978.

On July 1, 1985, attorney Howard Fick advised plaintiffs that, pursuant to 26 U.S.C. § 2032A (1982), the land in the estate was subject to land use value appraisal and had such been submitted on the federal estate tax return, no estate taxes would have been owed. On October 10, 1985, Fick sent a demand letter to Williams relative to plaintiffs' claim. On June 22, 1987, plaintiffs filed a petition herein (Beverly in the capacity as sole heir and William as an individual) seeking a judgment against the defendant attorneys for the taxes and interest paid. On May 12, 1988, the district court granted summary judgment in favor of the defendant attorneys on the basis that, at the time of the claimed malpractice, Williams' client was William Rogers in his capacity as administrator of the estate of Charles Merkle. The district court then concluded there was no attorney-client relationship between defendant attorneys and Beverly Rogers as sole heir at law or William Rogers as an individual. The court held that only the administrator could bring an action against the attorneys. There was no appeal from this judgment.

Thereafter, the estate was reopened and, on August 8, 1988, plaintiffs refiled a petition in the same case as individuals and as co-administrators of the estate of Charles Merkle, deceased, seeking a judgment against defendant attorneys for the estate taxes paid.

On September 9, 1988, defendants filed a motion to dismiss or for summary judgment, contending plaintiffs' individual claims were barred by res judicata, and their representative claims were barred by the statute of limitations. On October 4, 1988, plaintiffs amended their petition, asserting they had refiled this action

pursuant to K.S.A. 60-518 within six months after their original case was dismissed for reasons otherwise than upon the merits.

On October 18, 1988, the district court granted summary judgment in favor of defendant attorneys, holding that plaintiffs' individual claims were barred by the res judicata effect of the May 12, 1988, decision, and plaintiffs' representative claims were barred by the statute of limitations. The journal entry was filed October 28, 1988. Plaintiffs appeal from this summary judgment.

The sole issue before us is whether the plaintiffs failed in the first action "otherwise than upon the merits," thereby preserving their cause of action under K.S.A. 60-518.

K.S.A. 60-518 provides:

"If any action be commenced within due time, and the plaintiff fail in such action *otherwise than upon the merits*, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure." (Emphasis supplied.)

In *Waltrip v. Sidwell Corp.*, 234 Kan. 1059, Syl. ¶ 4, 678 P.2d 128 (1984), we said:

"K.S.A. 60-518 is a saving statute and not a tolling statute. It does not stop or toll the running of the statute of limitations but preserves or saves to the plaintiff six months to file a second action if the statute of limitations has run during the pending of the first action and that action is dismissed otherwise than on the merits."

Plaintiffs Beverly and William Rogers learned of the alleged legal malpractice on July 1, 1985. This malpractice consisted of the failure to advise the administrator (William Rogers) of the existence of the alternate land use value appraisal for estate tax purposes and in the preparing and filing of the estate tax return. This return was filed on March 7, 1978. The cause of action arose no later than March 7, 1978. Under the statute of limitations relative to written and oral contracts (K.S.A. 60-511 and K.S.A. 60-512, respectively), the time for bringing an action expired prior to the filing of the first action in 1985. As to tort liability, K.S.A. 1988 Supp. 60-513 prescribes two years in which to bring the action, but provides:

"(b) Except as provided in subsection (c), the causes of action listed in subsection (a) shall not be deemed to have accrued until the act giving rise to the cause of action first causes substantial injury, or, if the fact of injury is not reasonably ascertainable until some time after the initial act, then the period of

limitation shall not commence until the fact of injury becomes reasonably ascertainable to the injured party, but in no event shall an action be commenced more than 10 years beyond the time of the act giving rise to the cause of action."

William Rogers had knowledge of the cause of action on July 1, 1985. He (and Beverly Rogers) brought the first action on June 22, 1987—within the two-year period. The summary judgment entered on May 12, 1988, was a judicial determination on the merits that neither named plaintiff had a cause of action against defendant attorneys. The court held only the administrator of the estate could bring such action as defendants owed no duty to the plaintiffs in their individual capacities. No appeal was taken from this judgment and it became final on July 1, 1987. The two-year statute of limitations on William Rogers' cause of action as administrator expired. The only hope of proceeding then lay in linking the first petition (filed June 22, 1987) to the second petition (filed August 8, 1988) and utilizing the saving statute, K.S.A. 60-518. A new action clearly would not lie—hence the refiling procedure in the same case. The desire to link the two actions was undoubtedly the reason the second petition listed plaintiffs as suing in their individual and representative capacities, although it had previously been determined neither had a cause of action in his or her individual capacities. The trial court held the prior judgment was res judicata as to the individual claims, and plaintiffs do not challenge this determination. To do so would serve little purpose as no appeal was taken from the first summary judgment wherein this determination was made.

To come within the savings statute (K.S.A. 60-518), the same plaintiffs would have to bring both actions and have failed in the first action "otherwise than upon the merits."

A judgment "otherwise than upon the merits" would involve matters of form or procedure which do not touch in any way upon the merits of the controversy. Examples of such judgments include: (1) denial of class certification for lack of numerosity (*Waltrip v. Sidwell*, 234 Kan. 1059); (2) dismissal for failure to file an amended petition following a partially successful motion for a more definite statement (*Barrett v. Porter*, 195 Kan. 600, 601, 408 P.2d 574 [1965]); (3) dismissal without prejudice (*Cox v. Trousdale*, 138 Kan. 633, 27 P.2d 298 [1933]); and (4) dismissal for voidable service of process (*Goldsberry v. Lewis*, 2 Kan. App. 2d 56, 57-58, 574 P.2d 566 [1978]).

The summary judgment entered in the first action was clearly

on the merits. The court considered the undisputed facts and concluded the plaintiffs therein had no cause of action against the defendants based upon the only claim asserted—legal malpractice.

Additionally, however, there is another flaw in the plaintiffs' claim of error. Plaintiffs' second petition, in which they claim as administrators of the estate of Charles Merkle, deceased, does not have the same plaintiffs as the first petition—they are suing in a different capacity. As co-administrators, they are representing the estate. Any judgment would be in favor of the estate—not the administrators as individuals. Hence, the same plaintiffs are not refiling an action within the purview of K.S.A. 60-518.

We, therefore, conclude that the district court did not err or abuse its discretion in entering the summary judgment on the case herein.

The judgment is affirmed.