Adam **GOLDSMITH, Julie Beth Goldsmith, Henry Josh Goldsmith, a Minor, By His Mother, Natural Guardian and Next Friend, Beth Goldsmith, and Beth Goldsmith, Individually, the Heirs–at–Law of Harold Goldsmith, Deceased; and Beth Goldsmith, Alan Berkowitz and Neil Ambach, Personal Representatives of the Estate of Harold Goldsmith, Deceased, Plaintiffs–Appellants,**

v.

**LEARJET, INC., Defendant–Appellee.**

No. 94–3351.

United States Court of Appeals, Tenth Circuit.

July 22, 1996.

Rehearing Denied Sept. 9, 1996.

---

Marc S. Moeller of Kreindler & Kreindler, New York City (David L. Fiol of Kreindler & Kreindler, New York City and Derek S. Casey of Michaud, Hutton, Fisher & Andersen, Wichita, KS, with him, on the briefs), for Plaintiffs–Appellants.

Michael Lloyd Hutchinson of Treece, Alfrey & Musat, Denver, CO (L. Richard Musat of Treece, Alfrey & Musat, Denver, CO, Edwin W. Green of Bronson, Bronson & McKinnon, Los Angeles, CA, and Manuel Saldana of Bronson, Bronson & McKinnon, Los Angeles, CA, with him, on the brief), for Defendant–Appellee.

Before EBEL and LOGAN, Circuit Judges, and HOLMES, District Judge.[*]

EBEL, Circuit Judge.

Defendant Learjet built an aircraft which crashed during an instrument approach to a landing field near Aspen, Colorado, killing everyone aboard, including Harold Goldsmith. Plaintiffs, relatives of Harold Goldsmith and representatives of the Harold Goldsmith estate, filed this action in the United States District Court for the District of Kansas, seeking wrongful death and survival damages against Learjet. The district court granted Learjet's summary judgment motion on several grounds, including that the Kansas borrowing statute barred the action because the action would have been untimely if filed in Colorado, the state where the cause of action accrued. Plaintiffs now appeal, arguing: (1) In applying the Kansas borrowing statute, the court should not have borrowed the Colorado saving statute, but rather should have applied the Kansas saving statute; (2) The court erred in concluding that the Kansas saving statute does not save wrongful death actions; and (3) The court should have tolled the Colorado statute of limitations because Plaintiff Josh Goldsmith is a minor. Because we considered the first and second questions unsettled under Kansas law, we certified them to the Kansas Supreme Court pursuant to the Kansas Uniform Certification of Questions of Law Act, Kan. Stat. Ann. §§ 60–3201 *et seq.*, and now have reviewed the court's prompt response. Based on the supreme court's answers, we reverse the district court's dismissal of the claims brought by the personal representatives and remand these claims for further proceedings. We also reverse and remand Henry Josh Goldsmith's claim for further

[*] Honorable Sven Erik Holmes, District Court Judge for the Northern District of Oklahoma, sitting by designation.

proceedings. At the same time, we affirm the district court's dismissal against Adam Goldsmith, Julie Beth Goldsmith, and Beth Goldsmith, in her individual capacity.

## Background

On February 13, 1991, a Learjet aircraft crashed during landing near Aspen, Colorado, killing everyone aboard including Harold Goldsmith (the "decedent"). Less than two years later, representatives of decedent's estate filed a survival action against Learjet in Kansas state court on February 11, 1993 (the "first action"), captioned *Berkowitz, et al. v. Learjet, Inc.*, No. 93–C–55. The plaintiffs voluntarily dismissed that action on June 9, 1993. Within six months of the dismissal, these representatives, along with the decedent's wife and three children, brought this diversity action on November 30, 1993 in U.S. District Court for the District of Kansas, seeking wrongful death and survival damages (the "second action").[1] This appeal arises out of the second action.

Learjet filed a summary judgment motion, arguing that the second action was untimely under the statutes of limitations of both Kansas and Colorado, both of which limit the period when a party may bring a wrongful death action to two years. Kan. Stat. Ann. § 60–513(5); Colo.Rev.Stat. § 13–80–102. In response, plaintiffs argued that the Kansas saving statute, Kan. Stat. Ann. § 60–518, extended the time within which they could bring the second action. The Kansas saving statute provides that when an action is dismissed for a reason other than the merits after the statute of limitations lapses, the plaintiff may commence a new action within six months from the dismissal. *Id.*[2]

Learjet responded that the Kansas borrowing statute, Kan. Stat. Ann. § 60–516,

nonetheless prevented plaintiffs from maintaining the second action regardless of the saving statute. The borrowing statute bars a resident of a state other than Kansas from maintaining an action in Kansas when the laws of the state where the cause of action arose would bar the same action. *Id.*[3] Here, the cause of action arises in Colorado and Colorado law would have barred plaintiffs from bringing an action in Colorado at the time they brought the second action in Kansas. Colorado's savings statute extends the Colorado statute of limitations only ninety days after the dismissal of the original action and applies only when the first action is dismissed for lack of jurisdiction or improper venue. *See* Colo.Rev.Stat. § 13–80–111. Plaintiffs fail both requirements.

The district court granted Learjet's motion for summary judgment, agreeing with its arguments that: (1) the Kansas borrowing statute borrowed Colorado's saving statute, which would not save Plaintiffs' second cause of action; (2) regardless of the effect of the borrowing statute, the Kansas saving statute does not save wrongful death actions; and (3) the statute of limitations did not toll for Plaintiff Josh Goldsmith because it appeared that a legal guardian had been appointed to represent the now 14–year–old minor. In the interest of cooperative judicial federalism, we concluded that the first two issues were questions of Kansas law best answered by the Kansas courts. *See Lehman Bros. v. Schein*, 416 U.S. 386, 390–91, 94 S.Ct. 1741, 1743–44, 40 L.Ed.2d 215 (1974). We submitted to the Kansas Supreme Court the following certified questions of Kansas law, which we found determinative of the present action, and which did not appear clearly answered under Kansas statutory law and controlling precedent:

Kan. Stat. Ann. § 60–518.

---

1. None of the Plaintiffs are Kansas residents. Learjet's principal place of business is in Kansas.

2. The Kansas saving statute provides:

   If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure.

3. The Kansas borrowing statute provides:

   Where the cause of action has arisen in another state or country and by the laws of the state or country where the cause of action arose an action cannot be maintained thereon by reason of lapse of time, no action can be maintained thereon in this state except in favor of one who is a resident of this state and who has held the cause of action from the time it accrued. Kan. Stat. Ann. § 60–516.

I. Whether the Kansas borrowing statute, Kan. Stat. Ann. § 60–516, borrows the foreign state's saving statute so as to preempt the Kansas saving statute.

II. Whether the Kansas saving statute, Kan. Stat. Ann. § 60–518, saves wrongful death actions.

III. Whether the Kansas saving statute saves actions that the Kansas borrowing statute otherwise would bar.

The Kansas Supreme Court answered the first question in the negative. It answered the second question in the positive. Based on its answer to the first question, the supreme court considered the third question to be moot and accordingly did not offer an answer. *See Goldsmith v. Learjet, Inc.*, 917 P.2d 810 (Kan.1996).

### Discussion

■ We review the grant or denial of summary judgment *de novo,* applying the same legal standard used by the district court pursuant to Fed.R.Civ.P. 56(c). *Newland v. Newland,* 82 F.3d 338, 340 (10th Cir.1996). "Summary Judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting *Universal Money Ctrs., Inc. v. AT & T,* 22 F.3d 1527, 1529 (10th Cir.), *cert. denied,* —— U.S. ——, 115 S.Ct. 655, 130 L.Ed.2d 558 (1994)).

I. *Applicability of the Colorado saving statute*

■ A threshold issue in this case is whether the Kansas borrowing statute borrows not only the Colorado statute of limitations, but also the Colorado saving statute as well, thereby precluding the operation of the Kansas saving statute. Plaintiffs argue that the borrowing statute does not borrow Colorado's saving statute and that Kansas's saving statute remains applicable. Learjet responds that all foreign law that affects the timeliness of a claim should be borrowed when applying a borrowing statute. Learjet points out that the Kansas borrowing statute looks to "the *laws* of the state or country

where the cause of action arose," K.S.A. § 60–516 (emphasis added), and not merely to the foreign state's limitation period.

In response to our certified question, the Kansas Supreme Court disagreed with Learjet, and concluded that the Kansas borrowing statute does not borrow the foreign state's saving statute. In reaching this conclusion, the court relied on its recent decision in *See v. Hartley,* 257 Kan. 813, 896 P.2d 1049 (1995). In *See,* a medical malpractice victim, who had voluntarily dismissed an earlier action, sought to invoke the saving statute to bring a second action after more than four years had elapsed from the time of the medical procedure which gave rise to the action. *Id.* 896 P.2d at 1050. The defendant argued that K.S.A. § 60–513(c), which provides that "in no event shall [a medical malpractice action] be commenced more than four years beyond the time of the act giving rise to the cause of action," imposed an inviolable four-year limitation from when the plaintiff could bring his action and blocked the operation of the saving statute. *Id.* at 1051. The court rejected the defendant's argument, holding that the saving statute continued to operate past the four-year limitation period:

> We conclude that once an action is timely filed under the provisions of a so-called ordinary statute of limitations or within the applicable time limitations of a repose statute, such as K.S.A. 60–513(b) or (c), the action is then subject to the savings provision of K.S.A. 60–518.... *The first action, having been timely filed, was subject to the savings provision of K.S.A. 60–518, and therefore the second action was also timely and not barred by K.S.A. 60–513(c).*

*Id.* at 1055–56 (emphasis added).

Although *See* did not involve the Kansas borrowing statute, the supreme court in response to our certified questions held that "*See* is a current expression of this court's inclination to give effect to the saving statute over one of limitation. We find it controlling as to this question." Certification Answer at 22. Accordingly, the court concluded that:

> [o]nce it is determined that the [first] action was not time barred in Colorado, there is no further need to look to Colorado law. The first filing being timely, Kan-

sas jurisdiction attached at that time, and the timeliness of the subsequent filing is to be determined under the saving provision of K.S.A. 60–518, not K.S.A. 60–516.

*Id.*[4] Therefore, we must look to the Kansas saving statute rather than the Colorado saving statute in order to decide whether Plaintiffs' claim was timely filed.

## II. *The application of the Kansas saving statute to wrongful death claims*

■ The Kansas Supreme Court held in 1902 that the state's saving statute does not apply to wrongful death claims. *Rodman v. Missouri Pac. Ry. Co.*, 65 Kan. 645, 70 P. 642, 644 (Kan.1902). However, in 1963 the Kansas Legislature restructured the wrongful death statute, severing the two-year statute of limitations from the action's other substantive provisions, and relocated the limitation with the state's general statute of limitation provisions.[5] Learjet argues that the legislature's actions in relocating the wrongful death statute has no significance. *Rodman,* Learjet argues, concluded that the saving statute did not apply to the wrongful death statute because the cause of action did not exist at common law, not because the limitations period was "annexed" to the wrongful death statute.

However, Plaintiffs argue that by severing the two-year limitation period from the cause of action's substantive provisions, the legislature intended wrongful death actions to be subject to the general provisions of Title 5 of the Kansas Rules of Civil Procedure—entitled "Limitations of Action"—which encompasses the saving statute at Kan. Stat. Ann. § 60–518. Plaintiffs distinguish *Rodman* and its progeny on the grounds that the statutes in *Rodman* and similar cases included limitations periods that, like the old wrongful death act, were annexed to the statute. *See, for example, Hodge v. Hodge,* 191 Kan. 390, 381 P.2d 329 (1963). Also, although no Kansas case expressly has overruled *Rodman,* several more recent cases suggest that the saving statute applies to wrongful death claims. The court in *Frost v. Hardin,* 1 Kan.App.2d 464, 571 P.2d 11 (1977), recognized that a widow "had an additional six months" under the saving statute to bring her wrongful death claim after her first suit was voluntarily dismissed. *Id.* 571 P.2d at 14. The Kansas Supreme Court approved and adopted *Frost* at 224 Kan. 12, 577 P.2d 1172 (1978) without comment. *See also Crockett v. Medicalodges, Inc.,* 247 Kan. 433, 799 P.2d 1022, 1028 (1990) (suggesting that plaintiff could have used the saving statute to extend two-year statute of limitations for wrongful death action); *Beck v. Kansas Adult Authority,* 241 Kan. 13, 735 P.2d 222, 225 (1987) (recognizing that wrongful death and other claims were timely filed despite lapse of statute of limitations because of saving statute).

In response to our certified question, the Kansas Supreme Court agreed with Plaintiffs, and reconciled *Rodman* with recent decisions as follows:

> In *Rodman,* this court held that the saving statute did not apply to a wrongful death action. It did so because the wrongful death action is a creature of statute and, as such, the 2-year limitation written into the statute was a condition for the action and must be strictly complied with. Although, generally, limitations on an action are considered to be procedural, where the limitation is part of the statute creating the cause of action, the limitation

---

4. The parties do not dispute that Plaintiffs' first action was filed timely under Kansas and Colorado law.

5. The limitation period is now described at Kan. Stat. Ann. § 60–513, which provides:

> **60–513. Actions limited to two years.** (a) The following actions shall be brought within two years:
>
> . . . .
>
> (5) An action for wrongful death.

Prior to 1963, the Kansas wrongful death provision read, in pertinent part:

> When the death of one is caused by the wrongful act or omission of another, the personal representatives of the former may maintain an action therefor against the latter, if the former might have maintained an action had he lived against the latter for an injury for the same act or omission. The action must be commenced within two years.

*See Rodman,* 70 **P.** at 643. The substantive provisions of the Kansas wrongful death act have been recodified in 1963 at Kan. Stat. Ann. § 60–1901 to 60–1905 and do not contain a limitations provision.

becomes substantive, and the saving statutes do not apply. By removing the 2–year time limitation from the wrongful death statute and placing it in K.S.A. 60–513(a)(5), the basis for this court's decision in *Rodman* no longer exists. Thus, we need not overrule *Rodman,* because it simply does not apply to the changed circumstances. K.S.A. 60–518 does apply to a wrongful death action, and we therefore answer Question No. 2 in the affirmative." Certified Answer at 26. Therefore, because the supreme court has concluded that the Kansas borrowing statute does not borrow the Colorado saving statute, and that the Kansas saving statute applies to wrongful death claims, we must consider whether Plaintiffs' second action meets the conditions of the Kansas saving statute.[6]

### III. *Whether the Kansas saving statute is satisfied*

■ The parties do not dispute that the saving statute, if applicable to the present action, should save the second action as it relates to the Plaintiffs who are suing as personal representatives of the Harold Goldsmith estate. However, Learjet argues that the district court should have found the saving statute inapplicable against the Plaintiffs who are suing in their individual capacities because they were not parties to the state action which was voluntarily dismissed. In *Rogers v. Williams, Larson, Voss, Strobel & Estes,* 245 Kan. 290, 777 P.2d 836 (1989), the Kansas Supreme Court held that in order to come within the saving statute, "the same plaintiffs would have to bring both actions...." *Id.* 777 P.2d at 838. In *Rogers,* the court rejected an attempt by plaintiffs to invoke the saving statute to bring an action in the capacity of estate administrators when they brought their first action only in their individual capacities. *Id.* at 839. In the present case, the record reflects that the only plaintiffs to the first action were Alan Berkowitz, Beth Goldsmith and Neil Ambach, who sued collectively as personal representatives of the Harold Goldsmith estate. Therefore, Adam Goldsmith, and Julie Beth Goldsmith, as well as Beth Goldsmith in her individual capacity, may not continue to participate in this litigation.[7] Furthermore, Henry Josh Goldsmith also may not invoke the saving statute because he was not a party to the state action.

### IV. *Tolling of the statute of limitations for minor Josh Goldsmith*

■ Finally, Henry Josh Goldsmith ("Josh") argues that even if he cannot invoke the saving statute, he still can maintain the present action because he is a 14–year–old minor and therefore the statute of limitations is tolled until he reaches the age of majority. Colorado law tolls the statute of limitations for minors under 18 years old. *See* Colo. Rev.Stat. § 13–81–101(3) (defining "person under disability" as a minor under 18); *id.* § 13–81–103 (tolling the statute of limitations for persons under disability). However,

> if a legal representative is appointed for such person under disability at any time after the right accrues and prior to the termination of such disability, the applicable statute of limitations shall run against such person under disability in the same manner, for the same period, and with the same effect as it runs against persons not under disability.

*Id.* § 13–81–103(1)(a).[8]

■ The parties do not dispute that Josh is a minor. Instead, the dispute concerns whether a legal representative has been appointed for him. The question ultimately turns on which party has the burden of proving or disproving the appointment of a

---

6. Because the Kansas Supreme Court concluded that the Kansas borrowing statute does not bar Plaintiff's claims here, the court correctly declined to answer our third certified question because the question no longer is determinative.

7. We have some doubt that either Colorado or Kansas law would permit the personal representatives to proceed with the wrongful death claim. *See* Colo.Rev.Stat. § 13–21–201 (providing that only the spouse of the deceased, or, in certain situations, the heirs or parents of the deceased, may bring a wrongful death claim); K.S.A. § 60–

1902 (providing that only the heirs at law of the deceased may commence a wrongful death action). However, because the parties have not had an opportunity to brief and argue the ability of the estate's personal representatives to bring a wrongful death claim in either Colorado or Kansas, the district court should consider this issue on remand.

8. Colo.Rev.Stat. § 13–81–101(2) defines a "legal representative" as "a guardian, conservator, personal representative, executor, or administrator

legal representative. Under Colorado law, once the defendant raises the statute of limitations as an affirmative defense, as Learjet has done here, the burden shifts to the plaintiff to show that the statute has been tolled. *Garrett v. Arrowhead Imp. Ass'n*, 826 P.2d 850, 855 (Colo.1992). In carrying this burden, Josh was required to prove more than that he was a minor; he was required to prove that a legal representative had not been appointed for him.[9] Our review of the record reveals that Josh presented no evidence suggesting that he was not receiving the assistance of a legal representative at the time he brought this litigation.[10] Therefore, because the statute of limitations was not tolled for Josh and his action would be untimely if brought in Colorado, the Kansas borrowing statute should bar his action in Kansas as well.

However, Josh points out that Learjet never argued before the district court that the burden was on him to prove that no legal representative had been appointed for him. He therefore argues that Learjet waived this issue. *See Walker v. Mather (In re Walker)*, 959 F.2d 894, 896 (10th Cir.1992) (noting that appellate courts generally will not consider an issue on appeal not raised below). Learjet did argue before the district court that Josh Goldsmith could not invoke the tolling statute for other reasons; namely, that a legal representative had been appointed for the minor under his father's will. Therefore, we do not believe that Learjet waived this issue. However, given the confusion and the fact that this matter is being remanded in any event, we remand this issue as well. The district court should give Josh an opportunity to present evidence that a representative had not been appointed for him, thereby tolling the running of the statute of limitations.

### Conclusion

Based on the Kansas Supreme Court's responses to our certified questions, and for the reasons stated above, we REVERSE the district court's granting of summary judgment in favor of Learjet and against Alan Berkowitz, Beth Goldsmith and Neil Ambach, in the capacity of personal representatives of the Harold Goldsmith estate, and REMAND for further proceedings consistent with this opinion. We also REVERSE the district court's granting of summary judgment in favor of Henry Josh Goldsmith and REMAND for further proceedings. We AFFIRM the decision of the district court granting summary judgment in favor of Learjet and against the remaining Plaintiffs, who are suing in their individual capacities and as heirs-at-law.

duly appointed by a court having jurisdiction of any person under disability or his estate."

**9.** Plaintiffs refer to *McClanahan v. American Gilsonite Co.*, 494 F.Supp. 1334, 1338–39 (D.Colo. 1980), for the proposition that the burden is on the party opposing tolling to prove that a legal representative had been appointed. We consider *McClanahan* to be incorrectly decided in light of *Garrett* and *Western Paving* and find that the burden is on the party which seeks to invoke tolling to prove that no legal representative has been appointed for a minor.

**10.** The only evidence presented by Josh to support his burden of proving tolling is an affidavit by Beth Goldsmith, Josh's mother. In the affidavit, Beth Goldsmith states only that her son was born on June 4, 1982—not that no legal representative has been appointed for him. We consider this affidavit insufficient to raise a question of material fact regarding whether a legal representative had not been appointed for Josh at the time of this action.