**F I L E D**
**United States Court of Appeals
Tenth Circuit**

**JAN 8 1998**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

EDITH DARLING,

      Plaintiff-Appellant,

v.

McCURTAIN COUNTY BOARD OF
COMMISSIONERS, also known as
Board of County Commissioners of
McCurtain County, Oklahoma,

      Defendant-Appellee.

No. 97-7019
(D.C. No. 96-CV-189-P)
(E.D. Okla.)

## ORDER AND JUDGMENT[*]

Before **BALDOCK**, **BARRETT**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff, Edith Darling, appeals the district court's grant of summary judgment in favor of the defendant, McCurtain County Board of Commissioners, in her 42 U.S.C. § 1983 civil rights action, and the dismissal of her pendent state claims. "We review the grant or denial of summary judgment de novo, applying the same legal standard used by the district court pursuant to Fed. R. Civ. P. 56(c)." Goldsmith v. Learjet, Inc., 90 F.3d 1490, 1493 (10th Cir. 1996). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

We construe the factual record and reasonable inferences therefrom in the light most favorable to Ms. Darling, as the nonmovant. See Gullickson v. Southwest Airlines Pilots' Ass'n, 87 F.3d 1176, 1183 (10th Cir. 1996). Ms. Darling claims the deputy sheriff of McCurtain County forcibly entered her home without a warrant, forcibly seized her and placed her into involuntary protective custody in violation of her Fourth Amendment and due process rights. Ms. Darling claims that the deputy did not comply with the requirements of Oklahoma's emergency detention and protective custody statute, Okla. Stat. Ann. tit. 43A, § 5-207, though she does not dispute that the deputy received prior authorization from a state district court judge to take her into protective custody. However, she does dispute defendant's evidence that she was suicidal and

intoxicated at the time she was taken into custody, and she claims that the deputy sheriff used excessive force when taking her into custody. These disputed issues are not material, however, because Ms. Darling has not presented evidence that defendant is liable for the deputy's actions. See Lawmaster v. Ward, 125 F.3d 1341, 1346-47 (10th Cir. 1997) ("A fact is 'material' only if it may affect the suit's outcome.").

Municipal liability in § 1983 cases is limited to deprivation of federally protected rights caused by action taken pursuant to official municipal policy. See Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978).

> The plaintiff must . . . demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

Board of County Comm'rs v. Brown, 117 S. Ct. 1382, 1388 (1997). As thoroughly discussed by the district court in its order, Ms. Darling presented no facts demonstrating such a causal link between the alleged actions by the deputy sheriff and the Board of County Commissioners. Her conclusory allegations that the deputy acted pursuant to an unconstitutional, established county policy in taking her into protective custody, or that the county had an inadequate training program for sheriffs and their deputies regarding protective custody seizures are unsupported by any evidence and, thus, are insufficient to

defeat summary judgment. See White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995) (conclusory allegations will not defeat properly supported motion for summary judgment).

We have carefully reviewed the record on appeal and we conclude the district court properly granted summary judgment to defendant on Ms. Darling's § 1983 claim, and we discern no abuse of discretion in its decision to dismiss her pendent state claims. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED substantially for the reasons set forth in its order dated January 24, 1997.

Entered for the Court

James E. Barrett
Senior Circuit Judge