FILED
United States Court of Appeals
Tenth Circuit

December 23, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JERRY WAYNE SMITH,

      Plaintiff-Appellant,

v.

KANSAS DEPARTMENT OF
CORRECTIONS; CHARLES E.
SIMMONS, Secretary of Corrections,
Kansas Department of Corrections;
BILL CUMMINGS, Deputy Secretary
of Corrections/Risk Management,
Kansas Department of Corrections; T.
ROGERS, Employee/Record Analyst,
Kansas Department of Corrections;
DAVID R. MCKUNE, Warden,
Lansing Correctional Facility, in their
individual and official capacities;
PRISON HEALTH SERVICES, INC.;
GAY SAVINO, RN, Prison Health
Services, Inc.; DENNIS GOFF, RN,
Prison Health Services, Inc.;
PATRICIA LISENBY, LPN, Prison
Health Services, Inc.; EDITH
LAMAR, LPN, Prison Health
Services, Inc.; (FNU) THOMPSON,
Doctor (John Doe), Prison Health
Services, Inc.; HELEN HANSON,
Psychologist, Prison Health Services,
Inc.; BOB ATKISON, Ph.D., Prison
Health Services, Inc.; JOHN/JANE
DOES (1), Current and Former
Employees of Prison Health Services,
Inc., in their official and individual
capacities; JOHN R. COOLING,
Lansing Correctional Facility;
ROBERT ARNOLD, Lansing

No. 11-3124
(D.C. No. 5:07-CV-03244-SAC)
(D. Kan.)

Correctional Facility; LISA MEYRICK, Lansing Correctional Facility; JOHN/JANE DOES (2), Employees of Lansing Correctional Facility, in their official and individual capacities; L. E. BRUCE, Warden, Hutchinson Correctional Facility; SAM CLINE, Deputy Warden, Hutchinson Correctional Facility; JERRY WELLS, Major of Security, Hutchinson Correctional Facility; D. SCHNURR, Unit Team Manager, Hutchinson Correctional Facility; (FNU) JILES, Officer, Hutchinson Correctional Facility; KAREN ROHLING, Warden, Larned Mental Health Correctional Facility; ELIZABETH GILLESPIE, Warden, Larned Mental Health Correctional Facility; KANSAS STATE BOARD OF NURSING; MARY BLUBAUGH, MSN, RN, Executive Administrator, Kansas State Board of Nursing; KATHLEEN D. CHALKLEY, LPN, Special Investigator II, Kansas State Board of Nursing; JOHN/JANE DOES (3), Current/Former Employees of Kansas Department of Corrections, in their official and individual capacities; JOHN/JANE DOES (4), Larned Mental Health Correctional Facility, in their official and individual capacities,

Defendants.

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

Jerry Wayne Smith, proceeding pro se, appeals from the district court's dismissal of his civil rights action, which brought claims under 42 U.S.C. § 1983, the Kansas Constitution, the Kansas Tort Claims Act, the Americans with Disabilities Act, the Rehabilitation Act, and the Religious Land Use and Institutionalized Persons Act. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I. Background

Mr. Smith was incarcerated with the Kansas Department of Corrections (KDOC) from 1998 until September 2002. In May 2002, he filed a civil rights action against these defendants in state court. That action was dismissed because Mr. Smith failed to pay costs. In November 2005, Mr. Smith filed a civil rights action against these defendants in federal court. That action was dismissed with prejudice for Mr. Smith's failure to prosecute his case in an orderly and timely

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

fashion, including twice failing to appear for scheduled depositions, and to comply with orders of the court.

During the pendency of the 2005 action, Mr. Smith filed the complaint in this case in September 2007. His claims arose during his incarceration in the KDOC and the bulk of the allegations relate to events from 1998 through 2002. The only claim related to events after 2002 is an allegation complaining that the Kansas Board of Nursing made a decision to inactivate his case in March 2005 and failed to seriously consider his allegations about unlawful medical practices during his incarceration in the KDOC.

The district court sua sponte considered the timeliness of Mr. Smith's complaint before it was served on defendants. The district court concluded that the applicable limitations period for bringing all of Mr. Smith's claims was two years. Because Mr. Smith filed his complaint in September 2007, which was more than two years after any of the allegations in the complaint, the district court determined that his claims were subject to dismissal as untimely. Before dismissing the action, however, the district court gave Mr. Smith the opportunity to show cause why the complaint should not be dismissed as untimely. The district court reviewed Mr. Smith's response to the show cause order and then dismissed the case with prejudice. Mr. Smith then filed a motion to alter or amend the judgment, which the district court also denied. This appeal followed.

## II. Discussion

On appeal, Mr. Smith argues: (1) the district court judge should have recused himself after Mr. Smith filed a misconduct complaint against him; and (2) his complaint was timely filed because it should relate back to the state action he filed in May 2002 and/or the federal action he filed in November 2005.

We review the district court's recusal decision for abuse of discretion. *See Cauthon v. Rogers*, 116 F.3d 1334, 1336 (10th Cir. 1997). Mr. Smith did not file a motion for recusal with the district court, but he asserted in his motion to alter or amend the judgment that the district court should have abstained from proceeding with his case until the judicial misconduct complaint he had filed against the judge was resolved. That misconduct complaint was filed shortly before the district court dismissed Mr. Smith's case.

In responding to this contention, the district court explained that Mr. Smith was not entitled to relief from judgment on this basis because there was no authority to support his claim that a judge needs to abstain from proceeding with a case while a judicial misconduct complaint is pending, citing to the *Rules for Judicial-Conduct and Judicial Disability Proceedings, Judicial Conference of the United States and the Tenth Circuit Court of Appeals* ("Misconduct Rules").[1] We agree.

---

[1] *See* http://www.ca10.uscourts.gov/downloads/misconduct_rules.pdf

-5-

Recusal in a court case is not required because the judge is the subject of a misconduct proceeding filed by a litigant in that case. As the Seventh Circuit has aptly explained in a case involving the same argument:

> [Petitioner] thinks that the minute she filed the misconduct complaint against [the district court judge], he became obligated to step down from any case involving her, but this is not correct. She has not cited any rule or decision supporting the sweeping idea that a judge must automatically disqualify herself from a lawsuit simply because a disgruntled litigant currently alleges (or has previously alleged) judicial misconduct. Indeed, if that were the rule, litigants displeased with Judge A's adverse rulings could easily manipulate the system by filing a misconduct complaint, thereby disqualifying Judge A from hearing the case, in the hopes that the case would then be assigned to Judge B who might be more sympathetic to their cause.

*In re Mann*, 229 F.3d 657, 658-59 (7th Cir. 2000). The district court judge properly concluded that he did not need to recuse or abstain from proceeding with Mr. Smith's case based on the filing of a judicial misconduct complaint.[2]

We review de novo the district court's decision to dismiss a complaint based on the statute of limitations. *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010). Mr. Smith argues that the state court action he filed in May

---

[2]    We note that Mr. Smith's complaints against the district court judge were based on his belief that the district court's "rulings were incorrect." Aplt. Br. at 10; *see also id.* at 9 (listing allegedly erroneous rulings by the district court). As we have explained before, "[a]dverse rulings cannot in themselves form the appropriate grounds for disqualification." *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997) (quotation omitted); *see also* Misconduct Rule 11(c)(1)(B) (allowing for dismissal of misconduct complaint if it "is directly related to the merits of a decision or procedural ruling").

2002 was timely filed within the two-year statute of limitations period and "relates back to any subsequent filing(s)." Aplt. Br. at 12. Alternatively, he contends that the filing of his November 2005 federal action controls for the purposes of determining whether his September 2007 complaint was timely filed.

The fact that Mr. Smith brought these same claims or similar claims in prior cases does not alter the district court's conclusion that Mr. Smith's claims in the instant case are barred by the application of the two-year statute of limitations. First, Rule 15(c)(1) of the Federal Rules of Civil Procedure permits the relation back of "[a]n amendment to a pleading," but Mr. Smith's September 2007 was not an amendment to a pleading, it was a separate filing. It is well-settled that "a separately filed claim, as opposed to an amendment or a supplementary pleading, does not relate back to a previously filed claim." *Benge v. United States*, 17 F.3d 1286, 1288 (10th Cir. 1994); *see also Marsh v. Soares*, 223 F.3d 1217, 1219-20 (10th Cir. 2000) (holding that second § 2254 petition does not relate back to a previously filed petition).

Second, although Kansas does have a savings statute, it permits refiling outside the applicable statute of limitations only when (1) the prior case fails "otherwise than upon the merits" (for example, a dismissal without prejudice) and (2) the refiled case was brought within six months of the original dismissal. *See* Kan. Stat. Ann. § 60-518; *Rogers v. Williams, Larson, Voss, Stroebel & Estes*, 777 P.2d 836, 838-39 (Kan. 1989). The savings statute does not apply to the 2002

case as it was dismissed in September 2003 and Mr. Smith's September 2007 case was not brought within six months of that dismissal.

As for the November 2005 case, when Mr. Smith filed his September 2007 complaint, his November 2005 case was still pending so no judgment had been entered at that point (and the case was ultimately dismissed *with* prejudice). Construing his pro se brief liberally, however, he appears to contend that the district court's order of October 20, 2006, denying his motion to amend his complaint in the November 2005 case, was akin to a dismissal without prejudice. Nevertheless, even if the savings statute could be applied in these circumstances, a question we need not and do not decide in this case, Mr. Smith's September 2007 action would still be untimely as it was filed more than six months after the October 20, 2006 denial of his motion to amend his complaint.

Finally, we note that at the conclusion of Mr. Smith's brief he "renews his argument and authorities cited in his objections to Judge Crow's dismissal of his complaint, including but not limited to, claim that statutory limitation was tolled based on Smith's mental health disability, as though same were set forth herein." Aplt. Br. at 15. We conclude that Mr. Smith has waived any additional challenges to the district court's dismissal of his complaint by failing to adequately address them in his appellate brief. As we have explained:

> Like other circuit courts, we do not consider [adopting by reference materials filed in the district court to be] acceptable argument. Allowing litigants to adopt district court filings would provide an

-8-

effective means of circumventing the page limitations on briefs set forth in the appellate rules, and unnecessarily complicate the task of an appellate judge.  Consequently, we adhere to our rule that arguments not set forth fully in the opening brief are waived.

*Gaines-Tabb v. ICI Explosives, USA, Inc*., 160 F.3d 613, 624 (10th Cir. 1998) (quotations and citations omitted); *see also* 10th Cir. R. 28.4 ("Incorporating by reference portions of lower court or agency briefs or pleadings is disapproved.").

<u>III.  Conclusion</u>

For the foregoing reasons, we AFFIRM the judgment of the district court.

Entered for the Court


Bobby R. Baldock
Circuit Judge